IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| BARBARA CLIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 3:09-cv-00505** |
| | ) | **JUDGE HAYNES** |
| THE SURGICAL CLINIC, PLLC, | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |
| | ) | |
| | ) | |
| | ) | |

## ~~PROPOSED~~ CASE MANAGEMENT ORDER NUMBER TWO (REVISED)

Plaintiff Barbara Cliff, and Defendant The Surgical Clinic, PLLC, by and through the undersigned counsel and pursuant to Local Rule 11, respectfully submit the following Proposed Case Management Order Number Two (Revised).

### I.      JURISDICTION AND VENUE.

This court has jurisdiction pursuant to the Americans with Disabilities Act, 42 USC §§ 12101 et seq. Venue is proper in that the acts complained of occurred within the confines of the jurisdiction of this court.

### II.      PARTIES THEORIES OF THE CASE.

#### A.      Plaintiff's Theory of the Case.

Plaintiff began her employment with the Defendant on or about December 11, 2006. She was terminated from her employment with the Defendant on November 9, 2007. Plaintiff worked in Defendant's billing and collection department. During the course of Plaintiffs

employment, and on or about July 2007, Plaintiff requested to be off work to have a revision of an EM shunt surgically implanted for her condition known as the Meniere's disease. Plaintiff was diagnosed with this condition 20 years ago. After Plaintiffs initial surgery, she had post operation problems and asked to be off work. While Plaintiff was on leave and recovering from surgery she was terminated by the Defendant for allegedly having difficulty completing assignments correctly and not finishing them in a timely fashion.

Plaintiff would submit that this reason is a pretext and that she was terminated because she had a disability, or perceived disability, as defined by the Americans with Disabilities Act. Plaintiff was told by her supervisor that they "did not feel like she can do her job".

Plaintiff would submit that she could perform the essential functions of her job with or without an accommodation. At all times material, the Defendant had notice of Plaintiffs disabling condition. Plaintiff has requested and received a Notice of Right to Sue and has filed this Complaint within the 90 day limit as prescribed by law.

As a result of the Defendant terminating Plaintiff, she has suffered damages, both economic and non-economic.

B.      **Defendant's Theory of the Case**.

The Plaintiff was previously employed as an Insurance Reimbursement Specialist by The Surgical Clinic, PLLC until her termination on November 9, 2007. Her employment was terminated for deficient job performance after less than one (1) year of employment. Specifically, the Plaintiff had difficulty completing assignments correctly and in a timely manner.

2

The Plaintiff was hired by The Surgical Clinic, PLLC on the basis of her prior work relationship with Dana Curtis at the Page Campbell Cardiology Group. Ms. Curtis was the Billing Manager at The Surgical Clinic, PLLC at the time Plaintiff was hired, and managed the department into which Plaintiff was assigned. Ms. Curtis knew that Plaintiff had been a good employee when they worked together at Page Campbell, and recommended that Plaintiff be hired by The Surgical Clinic, PLLC on that basis. Ms. Curtis was responsible for recommending the termination of Plaintiffs employment at The Surgical Clinic, PLLC because of her performance deficiencies.

The Surgical Clinic, PLLC is an equal employment opportunity employer and denies that it discriminated against Plaintiff in any manner in violation of The Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. Accordingly, The Surgical Clinic, PLLC respectfully submits that Plaintiffs Complaint is wholly lacking in merit and should be dismissed with prejudice.

## III.    PRETRIAL PROCEEDINGS.

### A.    Rule 26(a)(1) Initial Disclosures.

The parties have made their initial disclosures pursuant to Rule 26(a)(1)(A) through (E).

### B.    Meeting of Counsel and Parties to Discuss Settlement Prospects and Their Report.

Counsel and their clients have held a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. Even though they made a good faith effort to do so, the parties were unable to resolve this matter at their meeting. The parties do not

7073009_1.DOC

believe that alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter at this time.

C. **Discovery and related matters.** All discovery shall be completed by the close of business on July 16, 2010. All written discovery shall be submitted in sufficient time so that the response shall be in hand by July 16, 2010. The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days. Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

There shall be no stay of discovery pending disposition of any motions.

All discovery related statements shall be filed by the close of business on July 31, 2010. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly assigned discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

By the close of business on August 27, 2010, the Plaintiff shall declare to the Defendant (not file with the Court) the identity of her expert witness(es) and provide all the information specified in Rule 26(a)(2)(B). By the close of business on September 24, 2010, the Defendant shall declare to the Plaintiff (not file with the Court)the identity of its expert witness(es) and provide all the information specified in Rule 26(a)(2)(B). Any supplements to expert reports shall be filed by the close of business on October 29, 2010. There shall not be any rebuttal

7073009_1.DOC

Case 3:09-cv-00505   Document 16   Filed 04/29/10   Page 4 of 6 PageID #: 44

Case 3:09-cv-00505   Document 18   Filed 05/04/10   Page 4 of 6 PageID #: 51

expert witnesses. In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. Local Rule 12(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

   D.   **Amendment of Pleadings.**   Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

   E.   **Dispositive Motions.**      The deadline for filing dispositive motions[1] is August 27, 2010. Responses shall be due thirty (30) days after the filing of the dispositive motion. Any reply to a response to a dispositive motion shall be filed seven (7) days after the filing of the response.[2] **Counsel shall e-mail memoranda of law and response to statements of undisputed facts to the Court's chambers in Megan_Gregory@tnmd.uscourts.gov.**

**IV.** **Trial and Related Matters.**      This action is set for a jury trial on _Jamiary 18, 2011 at 9:00 am_ If this action is to be settled, the Law Clerk shall be notified by noon, _1/13/11_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances. _7, 2010 at 3:00 pm_

   A pretrial conference shall be held on _January 7_. A proposed pretrial order shall be submitted a the pretrial conference.

   **It is SO ORDERED.**

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

5

7073009_1.DOC

ENTERED this the _3rd_ day of _May_, 2010.

_____

**JUDGE WILLIAM J. HAYNES, JR.**
**UNITED STATES DISTRICT JUDGE**


**SUBMITTED FOR ENTRY BY:**


s/ James L. Harris

James L. Harris, Esq. (TN BPR No. 014173)
Attorney for Plaintiff
2400 Crestmoor Road
Nashville, TN 37215
(615) 386-7143 (telephone)
(615) 297-6855 (facsimile)
*Counsel for Plaintiff*


s/ H. Rowan Leathers III

H. Rowan Leathers III, Esq. (TN BPR No. 10023)
Miller & Martin, PLLC
150 4th Avenue South
1200 One Nashville Place
Nashville, Tennessee 37219-2433
*Counsel for Defendant*

6